Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CARLOS FÉLIX LÓPEZ HERNÁNDEZ; LA ESPOSA DE ESTE YADITZA HERNÁNDEZ AQUINO Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA POR ESTOS<br><br>Peticionarios<br><br>v.<br><br>ORLANDO MUÑIZ FELICIANO, LA ESPOSA DE ESTE ANA DELIA HERNÁNDEZ MUÑIZ Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA POR ESTOS<br><br>INGENIERO CARLOS MORALES ARROYO; LA ESPOSA DE ESTE JANE DOE DE MORALES Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA POR ESTOS<br><br>INGENIERO DANIEL MERCADO SOTO; LA ESPOSA DE ESTE RAQUEL ROE DE MERCADO Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA POR ESTOS<br><br>COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADA JUAN DEL PUEBLO, SERAFÍN DEL PUEBLO Y JUANA DEL PUEBLO<br><br>Recurridos | TA2026CE00025 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número: AG2021CV01215<br><br>Sobre: Daños y Perjuicios a Vicios Ocultos |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece la parte peticionaria, Carlos Félix López Hernández, la esposa de este, Yaditza Hernández Aquino y la

Sociedad Legal de Gananciales constituida por estos, mediante un recurso de *certiorari* y nos solicita que revoquemos la *Resolución y Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 10 de octubre de 2025. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la *Moción Solicitando Prórroga para Someter Evidencia Adicional y Solicitud de Cambio de Señalamiento* presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto solicitado.

**I**

El 4 de octubre de 2021, Carlos Félix López Hernández, la esposa de este, Yaditza Hernández Aquino y la Sociedad Legal de Gananciales constituida por estos (peticionarios), incoaron una *Demanda*[1], posteriormente enmendada, sobre daños y perjuicios, y vicios ocultos, en contra de Orlando Muñiz Feliciano, la esposa de este, Ana Delia Hernández Muñiz y la Sociedad Legal de Gananciales constituida por estos; Ingeniero Carlos Morales Arroyo, la esposa de este, Jane Doe de Morales y la Sociedad Legal de Gananciales constituida por estos; Ingeniero Daniel Mercado Soto, la esposa de este, Raquel Roe de Mercado y la Sociedad Legal de Gananciales constituida por estos; y Cooperativa de Ahorro y Crédito de Aguada (recurridos).

Luego de múltiples trámites procesales, incluyendo la presentación de la *Contestación a la Demanda*[2] por cada uno de los recurridos, el 10 de abril de 2024, los peticionarios presentaron una *Moción Solicitando Señalamiento de Conferencia con Antelación al Juicio*[3]. En la referida *Moción*, y en lo concerniente a la controversia que nos ocupa, los peticionarios alegaron que "[e]n cuanto a la parte

---

[1] Entrada 1 del Caso Núm. AG2021CV1215 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entradas 29, 31,32 y 43 del Caso Núm. AG2021CV1215 en el SUMAC.
[3] Entrada 82 del Caso Núm. AG2021CV1215 en el SUMAC.

Demandante se refiere el caso se encuentra listo para una vista en su fondo".

Posteriormente, luego de una vista celebrada de forma presencial el 15 de julio de 2024, el foro primario emitió una *Minuta*[4] en la que resaltó que la representación legal de los peticionarios expresó que "la parte demandante tiene su caso listo con peritaje desde el mes de enero de 2023[...]".

Pasados varios trámites procesales adicionales, el 8 de septiembre de 2025, los peticionarios presentaron una *Moción Solicitando Prórroga para Someter Evidencia Adicional y Solicitud de Cambio de Señalamiento*[5]. En dicha *Moción* alegaron que desde febrero de 2025 sostuvieron conversaciones con un ingeniero para hacer un estimado formal de costos que pueda tener el arreglo de los vicios alegados en su *Demanda,* para así tener un cuadro completo del valor del costo de los daños sufridos. Además, adujeron que durante más de un año habían estado tratando de conseguir un psiquiatra para que realizara un informe de los daños emocionales sufridos por la codemandante, Yaditza Hernández Aquino. Solicitaron un término adicional para añadir prueba.

Por su parte, el 22 de septiembre de 2025, Carlos Morales Arroyo, su esposa Elsie Irizarry Rivera y la Sociedad Legal de Gananciales constituida por estos (esposos Morales-Irizarry), codemandados en la *Demanda* de epígrafe, presentaron una *Moción en Cumplimiento de Orden y en Oposición a Solicitud del Demandante*[6]. Alegaron que de permitir a los peticionarios presentar nuevos peritos, estos tendrán derecho a descubrir prueba, tomar deposiciones, etc., lo cual prolongará el caso innecesariamente.

---

[4] Entrada 98 del Caso Núm. AG2021CV1215 en el SUMAC.
[5] Entrada 168 del Caso Núm. AG2021CV1215 en el SUMAC.
[6] Entrada 176 del Caso Núm. AG2021CV1215 en el SUMAC.

El 10 de octubre de 2025, el Tribunal de Primera Instancia emitió la *Resolución y Orden*[7] que hoy nos ocupa. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la *Moción Solicitando Prórroga para Someter Evidencia Adicional y Solicitud de Cambio de Señalamiento* presentada por los peticionarios. En particular, el foro de instancia expresó que no existe justa causa para declarar Ha Lugar la petición y que resulta evidente que la parte demandante, en este caso, peticionarios, no estaba preparada para atender su caso, contrario a lo informado al Tribunal en varias ocasiones. Además, dispuso que los daños en este caso se conocen desde el 2016, por lo que la petición resulta tardía.[8]

Inconforme, el 8 de enero de 2026, la parte peticionaria acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> Abusó de su discreción el T[ribunal] [de] P[rimera] I[nstancia] al denegar a la parte Peticionaria la presentación de la prueba pericial de siquiatra y el costo actualizado del arreglo de los vicios de construcción, siendo esto elemento esencial de la controversia del caso; sin verificar la totalidad de las circunstancias, los autos del caso, y la importancia que reviste dicha prueba en la búsqueda de la verdad determinando que no existía justa causa para lo solicitado.

> Incurrió en error manifiesto el T[ribunal] [de] P[rimera] I[nstancia] en penalizar a la parte Peticionaria al denegarle la presentación de la prueba cuando de los propios autos del caso, fue sumamente leniente con las prórrogas y los términos para que la parte Demandada presentara su prueba, incluso cuando sus reiterados incumplimientos fueron producto de una vista y se permitió descubrimiento de prueba posterior al término concedido en varias ocasiones por dicho Tribunal.

> Erró el T[ribunal] [de] P[rimera] I[nstancia] al indicar que la parte aquí peticionaria debió tener la prueba para presentar su caso, independientemente de la conducta de los demandados durante el proceso de descubrimiento de prueba.

---

[7] Entrada 181 del Caso Núm. AG2021CV1215 en el SUMAC.

[8] Los peticionarios y los esposos Morales-Irizarry presentaron, respectivamente, una *Moción Sobre Reconsideración* (Entrada 184 del Caso Núm. AG2021CV1215 en el SUMAC) el 27 de octubre de 2025 y *Oposición a Reconsideración* (Entrada 191 del Caso Núm. AG2021CV1215 en el SUMAC) el 18 de noviembre de 2025. La referida *Moción de Reconsideración* fue declarada No Ha Lugar el 10 de diciembre de 2025 (Entrada 196 del Caso Núm. AG2021CV1215 en el SUMAC).

Dentro del término dispuesto en nuestro Reglamento para presentar un escrito de oposición a la expedición del *certiorari*, la parte recurrida compareció ante nos por medio de una *Oposición a Certiorari*[9] el 19 de enero de 2026. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos

---

[9] Entrada 3 del Caso Núm. TA2025CE00025 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una

lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III**

En síntesis, la parte peticionaria plantea en sus señalamientos de error que incidió el Tribunal de Primera Instancia al denegarle la presentación de prueba pericial adicional.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que el foro primario no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la petición de la parte peticionaria, ello a fin de que podamos soslayar

la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones